UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
UNITED STATES OF AMERICA            :
                                    :   Crim. No. 13-095 (NLH)
     v.                             :
                                    :
RENE ROSARIO                        :   **OPINION**
              Defendant             :
_____ :

**APPEARANCES:**

FEDERAL PUBLIC DEFENDER'S OFFICE
By: Anita Aboagye-Agyeman, Assistant Federal Public Defender
1002 Broad Street
Newark, New Jersey 07102

    On behalf of Defendant Rene Rosario

OFFICE OF THE UNITED STATES ATTORNEY
By: Diana Vondra Carrig, Assistant United States Attorney
401 Market Street, 4th Floor
Camden, New Jersey 08101

    On behalf of the United States of America

**HILLMAN, United States District Judge**

    This matter comes before this Court upon Defendant Rene Rosario's Supplemental Memorandum for Reduction of Sentence [Dkt. No. 31] and prior *pro se* Motion for Reduction of Sentence [Dkt. No. 28], both pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A). Defendant is an inmate currently serving a 168-month sentence at the minimum-security satellite prison camp

(the "Camp" or "Lewisburg Camp") at United States Penitentiary ("USP") Lewisburg, a federal prison in Lewisburg, Pennsylvania.

In the instant motion, Defendant seeks immediate release to home confinement on the basis of multiple medical conditions – namely, asthma and obesity – which he contends put him at a heightened risk for complications if he contracts COVID-19.  The Government opposes Defendant's motion, arguing that Defendant does not merit release under the factors set forth in 18 U.S.C. § 3553(a).  The Government also asserts that the Federal Bureau of Prisons ("BOP") has taken significant steps to protect the health of inmates in its custody, including those housed at USP Lewisburg and its Camp.

For the reasons stated below, Defendant's motion will be denied.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

On February 6, 2013, Defendant pleaded guilty to a one count Information, on a charge – namely, conspiracy to distribute and possess with intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. § 846 – stemming from an attempt to purchase four kilograms of cocaine from individuals working with the New Jersey State Police and United States Drug Enforcement Administration.

On September 5, 2013, this Court sentenced Defendant to 168 months' imprisonment, a 20-month downward variance from the advisory Guidelines range.

Defendant first submitted a petition for compassionate release to the Lewisburg Camp administration on March 30, 2020. The administration issued a denial of that request on April 9, 2020. On July 6, 2020, Defendant filed a *pro se* motion, and on August 21, 2020, filed a supplemental memorandum through counsel, seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Defendant alleges that he suffers from asthma and obesity, which makes him particularly vulnerable to becoming seriously ill from COVID-19, and that he is more likely to contract COVID-19 while incarcerated at Lewisburg Camp.

## II. LEGAL STANDARD

"The recently enacted First Step Act allows a defendant to be afforded compassionate release for 'extraordinary and compelling reasons.'" United States v. Sellers, Crim. No. 10-434, 2020 WL 1972862, at *1 (D.N.J. April 24, 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). Before bringing a motion for reduced sentence on their own behalf, defendants first "must ask the Bureau of Prisons ('BOP') to do so on their behalf, give BOP thirty days to respond, and exhaust any available administrative appeals." United States v. Raia, Civ. No. 20-1033, 2020 WL 1647922, at *1 (3d Cir. April 2, 2020) (citing 18 U.S.C. §

3582(c)(1)(A)). "Thus, under the First Step Act, a defendant seeking a reduction in his term of imprisonment bears the burden of satisfying both that he has (1) exhausted remedies before seeking judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release." Sellers, 2020 WL 1972862 at *1 (citing 18 U.S.C. § 3582(c)(1)(A)).

At this second step, a court may reduce an inmate's sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) "if the court finds that (1) extraordinary and compelling reasons warrant a reduction, (2) the reduction would be consistent with applicable policy statements issued by the Sentencing Commission, and (3) the applicable sentencing factors under § 3553(a) warrant a reduction." United States v. Pabon, Crim. No. 17-165-1, 2020 WL 2112265, at *2 (E.D. Pa. May 4, 2020).

### III. DISCUSSION

As the nation continues to grapple with the COVID-19 pandemic, the Court considers Defendant's Motion and its underlying concerns with seriousness.  However, as the United States Court of Appeals for the Third Circuit has articulated, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role and its extensive and

professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Defendant alleges, and the Government does not dispute, that Defendant has satisfied the exhaustion requirement by submitting a request for compassionate release to the Lewisburg Camp administration and receiving a denial of that request. Further, Defendant alleges, and the Government agrees, that Defendant's obesity, as evidenced by a BMI in excess of 30, is an "extraordinary and compelling reason" for compassionate release in the face of the current pandemic.  The parties diverge, however, on whether conditions at Lewisburg Camp also constitute an "extraordinary and compelling reason."  Therefore, the Court focuses first on that question, and then on the final step of the analysis: whether the applicable sentencing factors under § 3553(a) warrant a reduction in Defendant's sentence.

Defendant argues that prison conditions at Lewisburg Camp, and in BOP custody generally, put Defendant at heightened risk of contracting COVID-19.  Defendant alleges that he "cannot follow the CDC's social distancing and other preventative measures" while incarcerated.  He also alleges that recent transfers into the prison of inmates from South Carolina has increased his risk of exposure to COVID-19, and that the prison's testing capacity are insufficient for dealing with the pandemic.  Defendant also alleges that inmates are prohibited

possession of hand sanitizer, and are given minimal personal protective equipment (e.g. one cloth mask, two single-use disposable masks every two weeks, etc.).

The Government argues that BOP has undertaken a number of interventions, in accordance with its Coronavirus (COVID-19) Action Plan (the "Action Plan"), to minimize risk of virus transmission into and within BOP facilities. These steps include imposing restrictions on visitation, transfers, and non-essential activities; increasing medical screening of inmates and staff; and implementing changes in facility maintenance and sanitation. These steps appear to have had some effectiveness. According to the BOP website, as of the date of this Opinion the entirety of USP Lewisburg (both the Camp and the prison) has only eight confirmed active cases, all of which are staff.[1]

The Court is mindful that the general conditions of incarceration – confinement in relatively small enclosed spaces, use of common bathrooms, rationed access to hygienic products and healthcare – make prisons potential "hot spots" for virus transmission. However, given the markedly restrained progression of the virus within USP Lewisburg, as compared to within the Delaware Valley region generally, BOP's Action Plan appears to be having a positive impact.

---

[1] See https://www.bop.gov/coronavirus/ (last visited November 19, 2020).

Under the circumstances, granting Defendant's request to be released to reside with his mother and stepfather in Pennsauken, New Jersey could place him at greater risk of contracting COVID-19 than the risk he currently faces.  As of November 19, 2020, Camden County had 16,218 confirmed cases and 588 deaths.[2]

The Court is sympathetic to Defendant's concerns for his health while in custody.  Nevertheless, Defendant has failed to demonstrate that conditions at FCI Schuylkill provide an "extraordinary and compelling" reason justifying his compassionate release.

While the Court agrees that Defendant's obesity constitutes an "extraordinary and compelling" reason for release, it must also weigh the sentencing factors set forth in 18 U.S.C. § 3553(a), such as the nature and circumstances of the crime, Defendant's background and characteristics, and the need for specific and general deterrence. See Pabon, 2020 WL 2112265, at *2.

In this case, several factors weigh heavily against release.  Defendant's crime of conviction involved the attempted purchase of multiple kilograms of cocaine and the seizure of multiple loaded weapons from his co-defendant, took place in a

---

[2] Camden County, NJ , "COVID-19 Updates and Resources", available at https://www.camdencounty.com/service/covid-19-updates-and-preparations/most-recent-updates/ (accessed on November 19, 2020).

busy shopping center, and culminated in a dangerous high-speed chase in an attempt to elude law enforcement. Additionally, Defendant's record is that of a career criminal, and includes three prior felony drug convictions, each resulting in sentences of imprisonment. These are serious crimes that should give any court pause in considering early release.

Moreover, Defendant has served less than two-thirds of his 168-month sentence – a sentence which already included a twenty-month downward variance from the minimum Guidelines sentence. Release now would not reflect the seriousness of Defendant's offense, and would be inconsistent with notions of both specific and general deterrence.

The Court thus finds that the sentencing factors in 18 U.S.C. § 3553(a) weigh against Defendant's release.

IV. **CONCLUSION**

For the foregoing reasons, Defendant's Supplemental Memorandum for Reduction of Sentence [Dkt. No. 36] and prior *pro se* Motion for Reduction of Sentence [Dkt. No. 34], both pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A), will be denied.

An Order consistent with this Opinion shall issue on this date.

DATED: November 20, 2020         /s Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.