```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Crim. No. 13-95 (NLH) |
| v. : | |
| RENE ROSARIO, : | |
| : | **OPINION** |
| Defendant. : | |

**APPEARANCES**:

GILBERT J. SCUTTI
LAW OFFICE OF GILBERT J. SCUTTI
31 STATION AVENUE
SOMERDALE, NJ 08083

    *Counsel for Defendant*

DIANA V. CARRIG
OFFICE OF THE US ATTORNEY
US POST OFFICE BUILDING
401 MARKET STREET - 4TH FLOOR
CAMDEN, NJ 08101

    *Counsel for the United States*

**Hillman**, District Judge

    Before the Court are Rene Rosario's ("Defendant") Motion for Reduction of Sentence under Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines") (ECF 32) and his Motion for Reduction of Sentence under the First Step Act, 18 U.S.C. § 3582(c)(1)(A).[1] (ECF 38). For the reasons expressed below, Defendant's motions will be denied.

---

[1] References to "ECF" without additional reference to the case number are references to Crim No. 1:13-cr-00095-NLH.

**Background**

On February 6, 2013, Defendant pleaded guilty to a one-count Information charging him with conspiring to distribute and possess with intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. § 846.  (See ECF 11, 12, 45).

Thereafter, on September 5, 2013, this Court sentenced Defendant to a term of imprisonment of 168 months and a 5-year term of supervised release.  (ECF 16).  The sentence was 20 months below the bottom of the advisory Guidelines range of 188-235 months. (ECF 45 at 3).  In crafting the sentence, the Court determined that Defendant was a career offender within the meaning of U.S.S.G. § 4B1.1 based on three prior felony convictions in New Jersey.  (See ECF 45). Defendant's release date is projected to be January 4, 2025.[2]

Defendant initially moved for a reduction of sentence based on Amendment 782 on June 4, 2015 (ECF 23), which the Court summarily denied on August 12, 2015 (ECF 24) because Defendant did not qualify for a retroactive application of the so-called "Drugs-2" reduction because he was a career offender.

Defendant also filed motions for compassionate release on the basis of COVID-19 on July 6, 2020 (ECF 28) August 21, 2020

---

[2] FEDERAL BUREAU OF PRISONS, FIND AN INMATE, https://www.bop.gov/inmateloc/ (last visited May 3, 2022).

2

(ECF 31), which this Court denied on November 20, 2020.[3] (ECF 36). Defendant filed the instant pro se Motions for Reduction in Sentence based on Amendment 782 and § 3582(c)(1)(A) on September 3, 2020 and June 14, 2021, respectively. (ECF 32, 38). The Government filed a letter in opposition to both motions on October 19, 2021. (ECF 45). Defendant filed a counseled reply in further support of his motion for compassionate release on December 31, 2021 as well as supplemental letters from counsel dated February 3, 2022 and May 4, 2022 (ECF 49, 50 and 51). The Court considers Defendant's motions against this factual and procedural backdrop.

**Motion for Reduction of Sentence Under the 782 Amendment to the U.S.S.G.**

**A. Legal Framework**

In 2014, the United States Sentencing Commission promulgated Amendment 782 to the Guidelines, which retroactively reduced by two levels the base offense levels assigned to many drug quantities set forth in the Drug Guidelines. United States v. Thompson, 825 F.3d 198, 202 (3d Cir. 2016); United States v. Valdez, No. 11-CR-0488 (WJM), 2016 WL 6877739, at *1 (D.N.J. Nov. 21, 2016) (noting that "federal law provides for amendments

---

[3] In addition, Defendant filed a petition for habeas corpus under 28 U.S.C. § 2255 (No. 1:14-cv-05592-NLH, ECF 1). The Court denied the petition on September 21, 2018 (No. 1:14-cv-05592-NLH, ECF 41).

3

of the Guidelines to apply retroactively" per 18 U.S.C. § 3582(c)(2)). Amendment 782 operates to lower the offense levels in the Drug Guidelines. United States v. Culmer, 767 F. App'x 368, 370 (3d Cir. 2019). Critically, defendants sentenced pursuant to the Career Offender Guidelines are not eligible for a sentence reduction under Amendment 782 because § 3582(c)(2) only allows sentence reductions based on changes in the Guidelines where the defendant was sentenced under the provision of the Guidelines that was changed. Id. ("[T]he amendment does not help [the defendant] because his 'applicable guideline range' was defined by the Career Offender Guidelines, which were unaffected by Amendment 782."). When a court determines that a defendant is eligible for a sentence reduction under Amendment 782, that court's decision about whether or not to reduce that defendant's sentence is discretionary. United States v. Scalia, 654 F. App'x 73, 76 (3d Cir. 2016).

B. **Analysis**

At the outset, the Court notes that Defendant previously moved for a sentence reduction under Amendment 782 via § 3582(c)(2) in 2015. (See ECF 23). While the Third Circuit does not recognize a bar to successive motions under § 3582(c)(2), the Court notes that Defendant has not raised any reason why this motion should be treated any differently than the one that this Court previously denied. United States v. Weatherspoon,

4

696 F.3d 416, 421-22 (3d Cir. 2012) (concluding that district courts have jurisdiction to consider successive § 3582(c)(2) motions). Defendant couches his motion in terms of Amendment 782, but a fair reading of his motion reveals that he is really attacking his designation as a career offender. (ECF 32).

The Court notes that Amendment 782 is inapposite to Defendant's situation since Amendment 782 does not apply to defendants sentenced pursuant to the Career Offender Guidelines. Culmer, 767 F. App'x at 370; United States v. Spruill, 774 F. App'x 92, 94 (3d Cir. 2019) ("We agree with the Government's contention that arguments attacking Spruill's sentence on grounds unrelated to Amendment 782 are outside the scope of § 3582(c)(2) proceedings."). In addition, § 3582(c)(2) is not a vehicle to relitigate a career offender designation. United States v. Davidson, 488 F. App'x 646, 648 (3d Cir. 2012) ("Furthermore, in his § 3582(c)(2) motion, Davidson could not bring his challenge to his classification of a career offender (based on his argument that one of his prior convictions did not qualify as a predicate offenses for the career offender designation). It simply is not the type of claim intended to be brought under the statutory provision."); see also United States v. Bell, 652 F. App'x 741, 744-45 (11th Cir. 2016) ("While we understand Bell's efforts to achieve some relief from his career-offender status, § 3582(c)(2) does not authorize the

5

relief he seeks. Section 3582(c)(2) 'does not grant to the court jurisdiction to consider extraneous resentencing issues' such as his challenge to the application of the career-offender enhancement.").

Though the Court sentenced Defendant slightly below the Career Offender Guidelines range, the sentence was formulated based on the Career Offender Guidelines.  (ECF 20 at 31:12- 32:9 (making clear that Defendant was categorized as a career offender and varying downward two levels using the Career Offender Guidelines as a starting point)).  The Court did not apply the Drug Guidelines to arrive at Defendant's sentence. (Id.)  Because Defendant was not sentenced under a provision of the Guidelines that was changed by Amendment 782, the Court must deny Defendant's motion.  See Culmer, 767 F. App'x at 370.

**Motion for Reduction of Sentence Motion for Reduction of Sentence under the First Step Act, 18 U.S.C. § 3582(c)(1)(A)**

  A. **Legal Framework**

"The First Step Act empowers criminal defendants to request compassionate release for 'extraordinary and compelling reasons.'" United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020) (quoting 18 U.S.C. § 3582(C)(1)(A)(i)).  Before bringing a motion for reduced sentence on their own behalf, defendants first "must ask the Bureau of Prisons to do so on their behalf, give the BOP thirty days to respond, and exhaust any available

6

administrative appeals." Id. "Thus, under the First Step Act, a defendant seeking a reduction in his term of imprisonment bears the burden of satisfying both that he has (1) exhausted remedies before seeking judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release." United States v. Sellers, 2020 WL 1972862, at *1 (D.N.J. Apr. 24, 2020) (citing 18 U.S.C. § 3582(C)(1)(A)); see also Raia, 954 F.3d at 595.

At this second step, a court may reduce an inmate's sentence pursuant to 18 U.S.C. § 3852(c)(1)(A) if after finding extraordinary and compelling reasons warrant a reduction, that such a reduction would be consistent with applicable policy statements issued by the Sentencing Commission and that the applicable sentencing factors under § 3553(a) warrant a reduction. United States v. Pabon, 458 F. Supp. 3d 296, 300 (E.D. Pa. 2020).

B. **Analysis**

   a. **Defendant has satisfied the exhaustion requirements**

Defendant contends that he fully exhausted his administrative remedies by applying to the BOP on March 31, 2021. (ECF 38 at 1). That said, Defendant does not indicate whether 30 days have passed since his application to the warden without a response or attach any documentation showing that his application was denied. See Sellers, 2020 WL 1972862 at *1.

7

(noting that the defendant has the burden to show that he has exhausted his administrative remedies).

In their opposition, the Government does not directly address administrative exhaustion, but seemingly accepts Defendant's representation in that the Government proceeds directly to an analysis of 18 U.S.C. § 3852(c)(1)(A).  (ECF 45 at 9).

Based on Defendant's representation and the lack of dispute by the Government, the Court will accept that Defendant has exhausted his administrative remedies for the purposes of analyzing this motion.

    b. **Defendant fails to establish "extraordinary and compelling" reasons for his release**

Defendant argues that the Third Circuit's decision in United States v. Nasir, 982 F.3d 144 (3d Cir. 2020) constitutes an "extraordinary and compelling reason" justifying release because it held that inchoate crimes are not included in controlled substance offenses such that they count toward a career offender designation under U.S.S.G. § 4B1.1.  (ECF 38 at 1).  Defendant contends that while Nasir is not retroactive, if he were sentenced today, Nasir would preclude his designation as a career offender.  (Id. at 1-2).  In addition, Defendant states that he has completed various educational and personal improvement programs while incarcerated.  (Id. at 2).  In his

8

counseled reply, Defendant further argues that the advent of COVID-19 variants coupled with Defendant's conditions of obesity, asthma, a high red blood cell count, and inflamed kidneys militate toward his release. (ECF 49 at 5).

The Government opposes Defendant's motion and contends that Nasir does not fall into one of the categories set forth by the Sentencing Commission that are "extraordinary and compelling," especially since its holding is not retroactive. (ECF 45 at 9).

Though not binding, the applicable guidance from the Sentencing Commission falls under Comment 1 under § 1B1.13 of the guidelines.[4] U.S.S.G. § 1B1.13, cmt. n.1. The commentary generally provides for four reasons that could be "extraordinary and compelling," which include "(1) the defendant's medical

---

[4] While the Court looks to § 1B1.13 as directed to by the statute, it is not, standing alone, a determinative factor in light of a lack of quorum which has prevented the Sentencing Commission from updating § 1B1.13 in response to the First Step Act. That said, the Third Circuit has blessed a district court's consideration of § 1B1.13 when it comes to evaluating motions for compassionate release filed by prisoners. United States v. Andrews, 12 F.4th 255, 260 (3d Cir. 2021), cert. denied, No. 21-1208, 2022 WL 994375 (U.S. Apr. 4, 2022) ("The court correctly recognized that although the policy statement is no longer binding, it still sheds light on the meaning of extraordinary and compelling reasons.") Even if the Court were to assume that a revised § 1B1.13 would expand the breadth of situations warranting release, the result here would not be different. As set forth in more detail in this Opinion, the Defendant fails to demonstrate that his personal circumstances and jail conditions represent extraordinary and compelling reasons warranting a sentence reduction and that the applicable sentencing factors under § 3553(a) similarly support such a reduction.

condition; (2) the defendant's age; (3) the defendant's family circumstances; and (4) 'other reasons' as determined by the Director of the Bureau of Prisons." United States v. Handerhan, 789 F. App'x 924, 925 (3d Cir. 2019) (citing U.S.S.G. § 1B1.13 cmt. n.1).

Defendant does not present "extraordinary and compelling" reasons for his release.  First, the parties are correct that Nasir's holding does not apply retroactively.  United States v. Muhammad, No. 21-1311, 2022 WL 296593, at *2 (3d Cir. Feb. 1, 2022) ("We have never held *Nasir* applies retroactively on collateral review.")  That alone defeats Defendant's reliance on Nasir.  Further, at least one panel of Third Circuit judges suggested that Nasir's holding does not qualify "as an 'extraordinary and compelling' circumstance under § 3582(c)(1)(A)[.]"[5]  Id.

With respect to Defendant's statements regarding his educational progress and personal improvement while incarcerated, he does not point to any authority for the proposition that they present an "extraordinary and compelling"

---

[5] In Defendant's May 4, 2022 letter, Defendant cites United States v. Abreu, 32 F.4th 271, 273 (3d Cir. 2022), which was decided by the Third Circuit two days prior, as further support for the proposition that Defendant should not be deemed a career offender.  (ECF 51).  Abreu is inapposite in that it does not deal with drug offenses and says nothing about retroactive application of Nasir.

10

circumstance.  (See ECF 38).  Educational progress and personal improvement are probative of rehabilitation but do not present a cognizable reason for release under § 3852(c)(1)(A).  United States v. McNair, 481 F. Supp. 3d 362, 370 (D.N.J. 2020) ("While the Court commends Defendant for taking these efforts to rehabilitate and educate himself, those efforts, alone, cannot demonstrate 'extraordinary and compelling reasons' to warrant his release.").  Quite simply, it does not fit into one of the categories in the Commentary to U.S.S.G. § 1B1.13.

Defendant's medical conditions also do not pass muster.[6] The Court takes seriously Defendant's concerns about the effect of COVID-19 in the prison environment and analyzes whether he has shown "extraordinary and compelling reasons for his release" accordingly.  That said, the Court holds that Defendant has not met that standard.  Defendant has not pointed to any medical conditions that either individually or taken together militate toward release under § 3582(c)(1)(A).

---

[6] Defendant raised arguments relating to his medical conditions for the first time in his reply brief and the Court is therefore not required to consider them.  Manasse v. United States, No. CV 15-4153 (JLL), 2016 WL 7130916, at *4 (D.N.J. Dec. 7, 2016) ("It is axiomatic that reply briefs should respond to the respondent's arguments or explain a position in the initial brief that the respondent has refuted and that new arguments cannot be raised for the first time in reply briefs.") (internal quotation marks omitted).  Nonetheless, the Court will explain why those arguments are similarly meritless.

The Court cannot say that Defendant's medical conditions fall into the same categories as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia[,]" examples offered by the Sentencing Commission of the types of illnesses that might constitute "extraordinary and compelling circumstances." Id.

It also cannot say that Defendant suffers from conditions that substantially "diminish[] the ability of [Defendant] to provide self-care within the environment of a correctional facility and from which he...is not expected to recover." Id. While the Centers for Disease Control and Prevention (the "CDC") have identified obesity, kidney disease, and asthma as risk factors associated with COVID-19,[7] courts have held that the mere fact that a defendant has a condition listed as a risk factor by the CDC is not enough to warrant compassionate release. United States v. Brashear, 2021 WL 5239119, at *3 (D.N.J. Nov. 10, 2021) ("Despite the risk of COVID-19, multiple decisions in the Third Circuit, and multiple decisions in this District, have denied compassionate release to inmates suffering from obesity, hypertension, and/or other health issues."); United States v. Henderson, 858 F. App'x 466, 468 (3d Cir. 2021) (holding that

---

[7] CENTERS FOR DISEASE CONTROL AND PREVENTION, COVID-19, PEOPLE WITH CERTAIN MEDICAL CONDITIONS, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited May 3, 2022).

12

kidney disease and asthma along with other medical conditions did not warrant compassionate release). Moreover, Defendant acknowledges that he contracted COVID-19 and has recovered. (ECF 50). In the absence of specific evidence showing a more heightened risk of a dangerous medical outcome or current condition, the Court declines to find that Defendant has made a showing of medical conditions which warrant his release.

Additionally, FCI Berlin's mitigation efforts at controlling the spread of the coronavirus appear to be effective. Currently, FCI Berlin has no active inmate positive tests and five staff positive tests.[8] Over the course of the pandemic, no inmates have died as a result of infection by COVID-19, and 459 inmates have recovered from positive infections including as noted the Defendant himself.[9] Id.

In one of his supplemental filings, Defendant acknowledges that he has received there vaccinations against COVID-19. (ECF 50). He is not alone. According to the BOP, 645 inmates out of a population of 811 at FCI Berlin have been fully vaccinated.[10] Given the well-established and accepted evidence that the

---

[8] See FEDERAL BUREAU OF PRISONS, COVID-19 CORONAVIRUS COVID-19, https://www.bop.gov/coronavirus/ (last visited June 8, 2022).

[9] Id.

[10] FEDERAL BUREAU OF PRISONS, FCI BERLIN, https://www.bop.gov/locations/institutions/ber/ (last visited June 8, 2022).

13

available vaccines are both safe and effective, the Court believes that the vaccination rate inside FCI Berlin weighs against Defendant's request for relief.

After a review of the record as a whole, the Court finds that Defendant's medical conditions, which Defendant has not suggested are not managed at FCI Berlin, do not present "extraordinary and compelling" reasons supporting his release.

### c. **3553(a) Factors weigh against Defendant's Favor**

Even if Defendant could "establish extraordinary and compelling reasons" for his release, the Court may reduce an inmate's sentence only if the applicable sentencing factors under § 3553(a) warrant a reduction. Here, they do not.

Defendant wholesale fails to address the § 3553(a) factors in his opening brief. (ECF 38). In his counseled reply, he suggests that release is warranted to reduce any sentencing disparity between him and similarly situated inmates and that he had a small role in the drug trafficking scheme for which he was convicted. (ECF 49 at 2-4). Defendant also continues to press, in this context, his position that he was wrongly determined to be a career offender and that compassionate release will help remedy that inequity. This argument does not tilt a full balancing of the § 3553(a) factors in his favor.

The Government argues that the § 3553(a) factors weigh toward denying Defendant's motion. They point out that

14

Defendant committed the instant drug trafficking offense when he was in his mid-thirties and when he should have known better. (ECF 45 at 10). They further note the sophistication of the drug trafficking scheme in which Defendant was involved and the quantity of drugs at stake. (Id.) Finally, they point to the fact that Defendant was not deterred from committing this offense by his two prior drug trafficking convictions.[11] (Id.)

The Court agrees with the Government and sees no reason to disturb the sentence it previously imposed. Specifically, Defendant's offense was very serious given the multiple kilograms of cocaine that were involved and the fact that he organized an introduction for a deal in a commercial zone where people were conducting their daily lives. 18 U.S.C. § 3553(a)(1). Defendant intentionally and knowingly involved himself in a sophisticated drug trafficking scheme, facilitating a meeting for experienced drug traffickers. Id. at § 3553(a)(2)(A). Further, the Court finds that deterrence of

---

[11] The Government also argues that this motion should be viewed as a successive and time-barred motion under 28 U.S.C. § 2255. The Government is correct that Defendant may not use § 3582(c)(1)(A) as a way to get around the requirements of § 2255. Handerhan, 789 F. App'x at 926 ("The terms of neither the statute nor its policy statement provide for release on the basis of arguments like Handerhan's that were or could have been raised on direct appeal or in a § 2255 motion, let alone for defendants like Handerhan who already have completed a § 2255 proceeding and who are subject to the restrictions on filing second or successive § 2255 motions.").

these kinds of crimes, both specific and general, is paramount where Defendant has engaged in this type of conduct multiple times and where such drug trafficking can have such a disastrous effect on a community. Id. at § 3553(a)(2)(B), § 3553(a)(2)(C). At the time of Defendant's sentencing, the Court emphasized that "This much cocaine distributed or potentially distributed into this county, into this area, will ruin many, many lives." (ECF 20 at 31:22-24).

In sum, the Third Circuit's holding in Nasir, Defendant's educational progress, and advent of COVID-19 do not change the balance in Defendant's specific situation where he has not shown how they constitute "extraordinary and compelling reasons" for release and where he has not shown a difference in the § 3553(a) factors that animated the original sentence.

**Conclusion**

For the foregoing reasons Defendant's Motion for Reduction of Sentence under Amendment 782 to the Guidelines. (ECF 32) and his Motion for Reduction of Sentence under the First Step Act, 18 U.S.C. § 3582(c)(1)(A) (ECF 38) will be denied.

An accompanying Order will issue.

Dated: June 8, 2022                s/   Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.